IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EVA NADIA VARGAS PALACIOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-25-CV-552-KC |
| | § | |
| TODD LYONS et al., | § | |
| | § | |
| Respondents. | § | |

## SHOW CAUSE ORDER

On this day, the Court considered Eva Nadia Vargas Palacios' Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and her Motion for Temporary Restraining Order or Preliminary Injunction ("Motion"), ECF No. 2. For the following reasons the Motion is **DENIED**. It is further **ORDERED** that Respondents show cause why the application for a writ of habeas corpus should not be granted.

I.   BACKGROUND

Vargas Palacios is a Guatemalan citizen who entered the United States in 1997 and has lived here since. Pet. ¶¶ 17, 19. In September 2025, Vargas Palacios was taken into custody by Immigration and Customs Enforcement ("ICE") after a traffic stop in Florida. *Id.* ¶ 17. She is currently detained at the ERO El Paso Camp East Montana facility in El Paso, Texas. *Id.* ¶ 1. Sometime in 2024, Vargas Palacios filed unspecified applications for relief with USCIS, which remain pending. *Id.* ¶ 18. Vargas Palacios has a nineteen-year-old U.S. Citizen son. *Id.* ¶¶ 17, 19. Vargas Palacios has not been given a bond hearing and claims that she will not receive one without this Court's intervention. *Id.* ¶¶ 18, 47–48. On November 10, 2025, she was issued a

Notice to Appear and is "now scheduled for immigration court proceedings in El Paso, Texas." *Id.* ¶ 17.

On November 14, 2025, Vargas Palacios filed a Petition for a Writ of Habeas Corpus, asking the Court to order her release, or alternatively, order a bond hearing before an immigration judge. *Id.* at 12. Concurrently, Vargas Palacios filed a Motion, requesting a Temporary Restraining Order ("TRO") requiring a bond hearing before an immigration judge within seven days. Mot. 19.

## II.  DISCUSSION

### A.  TRO Request

To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)). "The last two factors merge when the government is the opposing party." *Nat'l Ass'n for Gun Rights, Inc. v. Garland*, 697 F. Supp. 3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418, 435 (2009)).

"The purpose of a preliminary injunction [or TRO] is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

Vargas Palacios seeks a TRO compelling a bond hearing and enjoining Respondents from invoking the automatic stay provisions of 8 C.F.R. § 1003.19(i)(2) if bond is granted. Mot. 17–

18. Vargas Palacios argues that she satisfies the requirements for issuance of a TRO because she is likely to succeed on the merits, she will suffer irreparable harm due to detention, and the balance of equities weighs in her favor. *Id.* at 6–16.

At this juncture the Court can do no more than preserve the status quo. Here, the current status quo is that Vargas Palacios is detained at the ERO El Paso Camp East Montana facility. Pet. ¶ 1. And, even crediting Vargas Palacios' likelihood of success on the merits of her Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano*, 2022 WL 486610, at *4; *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

For this reason, Vargas Palacios' TRO request for a bond hearing is denied, without prejudice to her ability to obtain such relief following a full consideration on the merits.

**B.     Show Cause**

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto." The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline. 28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response

timelines. Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*." (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241. *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition."). District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243. *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Vargas Palacios the relief she seeks. Respondents are ordered to show cause by December 1, 2025.

### III. CONCLUSION

For the foregoing reasons, Vargas Palacios' Motion, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>**no later than December 1, 2025**</u>, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 17th day of November, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE